## HAMM v. FAGAN.

No. 2243. Opinion Filed November 26, 1912.

(128 Pac. 141.)

**PRINCIPAL AND SURETY—Release of Surety—Alteration of Contract.**
In an action against a surety on a bond for the faithful performance of a building contract, where it appears that the contract had been materially altered after the execution of the contract and bond, and without the knowledge or consent of the surety, the surety is discharged from liability.

(Syllabus by Harrison, C.)

*Error from Garfield County Court;*
*James B. Cullison, Judge.*

Action by Ben S. Fagan against J. A. Hamm and J. W. Pearce. Judgment for plaintiff, and defendant Hamm brings error. Reversed.

*Rush & Steen,* for plaintiff in error.

*W. A. Graves* and *J. A. Lee,* for defendant in error.

Opinion by HARRISON, C. This action was begun in the county court of Garfield county, July 26, 1909, by Ben S. Fagan against J. W. Pearce and J. A. Hamm, on a contractor's bond, for $400. Cause was tried in August, 1910, resulting in a ver-

dict and judgment for plaintiff in the sum of $400. From this judgment defendant J. A. Hamm appeals.

The record shows that in August, 1907, J. W. Pearce contracted with Ben S. Fagan to erect a residence and barn for said Fagan in the city of Enid; that for the faithful performance of such contract J. W. Pearce, with J. A. Hamm as surety, made bond in the sum of $400 to Ben S. Fagan; that before the buildings were completed J. W. Pearce, the contractor, abanboned the contract and left the state; that Ben S. Fagan, at his own expense, completed the buildings. After completion of same he made demand on the surety, J. A. Hamm, for the amount of the contractor's bond. Payment of the bond was refused by Hamm, on the ground that the original contract, for the performance of which he had signed the bond, was materially changed, both in character of construction of the building and in time of payment of the installments due thereon to the contractor, and that such changes were made without his knowledge or consent.

This is the material question involved in this appeal. The conditions of the bond were that J. W. Pearce, the contractor, would faithfully keep and perform the covenants and conditions of the building contract. Article 2 of the contract provided that the residence to be erected for the owner, Fagan, was to be a duplicate of a residence, on lot 4, block 2, Weatherly's addition, with the exception of papering and two front doors to be extra, and a barn of stipulated dimensions. Article 3 of the building contract provides that the material should be furnished and work performed for $1,006; the first installment to be paid when the foundation was completed and material for the erection was on the ground, second installment when the house and barn were inclosed, and the third when the work was completed. The testimony shows that changes were made in the construction of the house, and the construction and length of the porch, which required additional labor and material. However, while the changes in the construction of the building might not of itself be treated as such a material change as would discharge the surety, yet, when these changes in the construction are consid-

ered in connection with the more material change in the time of payment of the installments, we think, under the law, the surety should be discharged.  The record shows from the testimony of the plaintiff that all these changes, both as to manner and cost of construction, and as to time of payment of the installments, were made subsequent to the execution of the bond and before the building was started.  It further shows that, at the time Pearce abandoned the unfinished contract, the owner had paid to the laborers and materialmen and to Pearce, the contractor, all of the contract money, $400 of which had been paid to the contractor himself, and that this was done wholly without the knowledge or consent of the surety.  Had the payment been made as provided in the contract, and the last installment withheld until the buildings were completed, and the surety had been brought to a knowledge of this condition, he would have had opportunity to protect himself.  But instead, material changes had been made in the construction of the building, changes which required additional costs in labor and material, and the contract money all paid out in violation of the contract before the building was completed, and the contractor had got $400 of the money, abandoned his contract, and left the state, without the surety's having any knowledge of the condition of affairs.  Under the law we must hold that this was sufficient to discharge the surety from liability on the bond.  The rule is well settled that any material alteration in or deviation from the terms of the contract, for the performance of which the surety is bound, will, if made without his knowledge or consent, relieve him from his obligation. 27 Am. & Eng. Enc. of Law, 494, 495; also, Bishop on Contracts. (2d Ed.) 320; 2 Parsons on Contracts (9th Ed.); 32 Cyc. 177, and notes.

The plaintiff sought to prove that defendant had notice of the contractor's default in fulfillment of the contract, by introducing in evidence the journal entry of a judgment, obtained in the district court, by the Enid Lumber Company, against Ben S. Fagan and others, wherein the lumber company had foreclosed their materialman's lien for lumber furnished in the building, and sought, by the introduction of said journal entry, to charge

·defendant, in the case at bar, with notice of the contractor's de-· fault because defendant Hamm was used as a witness in said foreclosure proceedings. But defendant in the case at bar was not a party to such proceedings. Besides, if he was discharged from liability at all, he was discharged before the institution of .such foreclosure proceedings; the changes in the contract having been made without his knowledge or consent some time prior ·to the institution of such proceedings. Hence it was immaterial, ·so far as his rights in the case at bar were concerned, whether he had notice of the foreclosure proceedings or not. It appears ·to us, from the entire record, that under the law defendant, ·plaintiff in error here, should have been discharged of any liability on the bond, and that the judgment of the court below .should be reversed.

By the Court: It is so ordered.